## In re DOWNING et al.

### (Circuit Court, S. D. New York. June 28, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—"ASTRAKHAN TRIMMINGS."

Certain fabrics, known in trade as "Astrakhan trimmings," being a woven material consisting of a cotton foundation and a raised, curled pile, composed of goat's hair,—the latter being the component material of chief value,—cut into narrow strips, and the edges roughly basted down by hand, classified for customs duties by the collector of the port of New York as "trimmings" dutiable at 60 cents per pound, and, in addition thereto, 60 per cent. ad valorem, under paragraph 398, Schedule K, of the tariff act of October 1, 1890, *held* properly dutiable at 49½ cents per pound, and, in addition thereto, 60 per cent. ad valorem, as "pile fabrics," under paragraph 396 of the same schedule and act, as claimed by the importers in their protest.

## At Law.

Appeal by the United States from a decision of the board of United States general appraisers, reversing the decision of the collector of the port of New York in the classification for customs duties of certain manufactures, commercially known as "Astrakhan trimmings," which were classified for duty by the collector as "manufactured goat's hair and cotton,—goat hair chief value,—as trimmings," at 60 cents per pound, and, in addition thereto, 60 per cent. ad valorem, under paragraph 398 of Schedule K of the tariff act of October 1, 1890. The importers protested, claiming that the merchandise was dutiable at 49½ cents per pound and 60 per cent. ad valorem, as "pile fabrics," under the provisions of paragraph 396 of the same act and schedule. Paragraph 398, under which the collector classified the merchandise, omitting unimportant provisions, is as follows: "398. On webbings, * * * dress trimmings * * * wrought by hand or braided by machinery any of the foregoing which are elastic or nonelastic, made of wool, worsted, the hair of the camel, goat, alpaca, or other animals, or of which wool, worsted, the hair of the camel, goat, alpaca, or other animals is a component material, the duty shall be sixty cents per pound and in addition thereto sixty per centum ad valorem." Paragraph 396, under which the importers protested, is as follows, omitting unimportant provisions: "396. On clothing * * * and plushes and other pile fabrics * * * composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals the duty per pound shall be four and one-half times the duty imposed by this act on a pound of unwashed wool of the first class, and in addition thereto sixty per centum ad valorem." The United States local appraiser reported to the collector that the merchandise consisted of trimmings manufactured from goat hair and cotton, commercially known and sold as "Astrakhan trimmings." Samples of the merchandise were produced and identified before the board of United States general appraisers, to whom the case was appealed by the importers, which board took no further testimony in the case, and made their decision, finding, in substance, that the merchandise had "been woven in the loom in wide pieces, with spaces left without pile, and there cut into strips of various widths, the edges whereof are turned under and basted, or loosely hemmed; * * *" that they were "known in trade as 'Astrakhan trimmings,' and are chiefly used in trimming ladies' and children's outer garments." The board further held, as matter of law, that the goods were not "wrought by hand," in the sense of the provision in paragraph 398, nor were they "braided by machinery," but that they belonged to the class of goods held by the board to be pile fabrics. The government thereupon appealed the case into the circuit court, under the provisions of section 15 of the so-called "Administrative Act" of June 10, 1890, and upon the trial in that court it was contended in behalf of the government that the classification of the merchandise by the collector under paragraph 398 must be presumed correct, in the absence of any evidence presented before the board of general ap-

praisers by the importers to overthrow the same, and that the presumption was also that the turning down of the edge and the basting of the goods in question was done by hand, in the absence of proof that it was accomplished by machinery; also, that the report of the local appraiser to the collector showed that the merchandise was commercially known and sold as "Astrakhan trimmings," which fact remained uncontradicted, and was sufficient to sustain the collector's classification under paragraph 398.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for the government.

Hess, Townsend & McClelland, for the importers.

LACOMBE, Circuit Judge. The failure to return any evidence whatever, except the samples, makes this case somewhat difficult of determination. Of the facts returned by the board, some are entirely unsupported by the proof; others may find sufficient warrant in an inspection of the samples themselves. For the purpose of determining this appeal it may be assumed that the articles here were invoiced as worsted Astrakhan trimmings; that they are manufactured from goat hair and cotton,—goat hair being the component material of chief value; that they are commercially known and sold as "Astrakhan trimmings;" that they are black, white, and gray; that upon the foundation of the fabrics there is a nap or pile, except at the edges, where the foundation contains only cotton, and is turned under and basted down. The appearance of the basting may also be taken as indicating that the work was done by hand, and not by machinery. That they were woven in the loom in wide pieces, as the board returns, there is no evidence. That they were, thereafter, cut into strips of various widths, there is no evidence. This statement enumerates all the facts which are before this court for determining the case.

From an inspection of the goods themselves, and without any testimony one way or the other as to the commercial meaning of the term "pile fabrics," they may fairly be classed as falling within that category, under the definition given in the dictionary. They would therefore, under that section, be dutiable, unless they also fall under some specific designation which is found in the act. It is claimed by the collector that such designation is found in paragraph 398, which provides for the duty on webbings, beltings, bindings, and dress trimmings wrought by hand, or braided by machinery. There is no evidence in the case of any hand work put upon these articles, save the turning down of the hem, and the basting thereof. In my opinion, such an operation is not sufficient to entitle the articles to be described, in the language of the statute, as "dress trimmings wrought by hand." As to their being braided by machinery, there is no testimony whatever. If it were not apparent from the face of the fabrics that there had been this basting of the hem,—an operation performed by hand,—I should be inclined to concur with the district attorney that the return of the appraiser of these goods as coming within the description of the 398th paragraph might be taken as a statement by him (which, under the act, might be considered proof by the board, in

the absence of anything to the contrary) that the articles were wrought by hand,—that is, as a whole,—but inasmuch as there is sufficient evidence, in the turning down of the seam, to warrant the conclusion that it was classified by the appraiser upon an interpretation of the statute which, in his judgment, would require the classification of articles thus manipulated as to the hem as being "wrought by hand," I do not think there is sufficient in that to warrant the finding that the article, as a whole, was wrought by hand.

I shall therefore affirm the decision of the board of appraisers.